﻿Citation Nr: AXXXXXXXX
Decision Date: 09/26/19 Archive Date: 09/26/19

DOCKET NO. 190313-4769
DATE: September 26, 2019

ORDER

Entitlement to service connection for right ear hearing loss is denied.

REMANDED

Entitlement to service connection for a right elbow injury is remanded.

Entitlement to service connection for a left big toe injury is remanded.

Entitlement to service connection for right knee arthritis is remanded.

Entitlement to service connection for a right wrist injury is remanded.

Entitlement to service connection for left ear hearing loss is remanded.

FINDING OF FACT

The Veteran does not have current right ear hearing loss disability for VA purposes.

CONCLUSION OF LAW

The criteria for service connection for right ear hearing loss have not been met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. §§ 3.102, 3.303, 3.385.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from February 2002 to February 2003, March 2003 to November 2003, June 2010 to July 2011, and from October 2017 to July 2018. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review of rating decisions dated on or after February 19, 2019. 

As this case is based on a Regional Office (RO) rating decision dated February 21, 2019, this decision has been written consistent with the new AMA framework. In March 2019, the Veteran submitted a VA Form 10182 (Decision Review Request: Board Appeal) and requested a direct review by the Board.

1. Entitlement to service connection for right ear hearing loss is denied.

In December 2018, the Veteran filed a claim for service connection for hearing loss. 

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

The question for the Board is whether the Veteran has a current right ear hearing loss disability that began during service or is at least as likely as not related to an in-service injury, event, or disease.

For the purpose of applying the laws administered by VA, impaired hearing will be considered a disability when the auditory threshold for any of the frequencies of 500, 1000, 2000, 3000, and 4000 Hertz (Hz) is 40 decibels or greater; the auditory thresholds for at least three of those frequencies are 26 decibels or greater; or speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

The Board concludes that the Veteran does not have a current diagnosis of right ear hearing loss and has not had one at any time during the pendency of the claim or recent to the filing of the claim. Romanowsky v. Shinseki, 26 Vet. App. 289, 294 (2013); McClain v. Nicholson, 21 Vet. App. 319, 321 (2007).

In this regard, the Veteran’s service treatment records do not show any right ear hearing loss findings consistent with 38 C.F.R. § 3.385. Similarly, the Veteran was afforded a VA audiological evaluation in January 2019. The puretone thresholds, in decibels, for the right ear were: 5 (500 Hz), 5 (1000 Hz), 5 (2000 Hz), 15 (3000 Hz), and 15 (4000 Hz). Speech audiometry revealed a speech recognition ability of 98 percent in the right ear. Based on the foregoing, it is not shown that the Veteran has a current right ear hearing loss disability, and she has not submitted any competent evidence to the contrary. 38 C.F.R. § 3.385.

While the Veteran may believe she has a current right ear hearing loss disability, she is not competent to provide a diagnosis in this case. The issue is medically complex, as it requires diagnostic medical testing. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). Consequently, the Board gives more probative weight to the competent medical evidence.

REASONS FOR REMAND

The claims for service connection for right elbow injury, left big toe injury, right knee arthritis, right wrist injury, and left ear hearing loss are being remanded to correct duty to assist errors that occurred prior to the February 2019 rating decision that is currently on appeal. 

1. Entitlement to service connection for a right elbow injury, left big toe injury, right knee arthritis, and right wrist injury, are remanded.

The record shows that the Veteran has contended she injured her right wrist in service in 2010-2011, that right knee arthritis occurred in service in 2010-2011, that her left big toe was injured in service, in Iraq in 2010, and that her right elbow was injured in service, at Fort Polk, in 2018. 

In the February 2019 rating decision, the RO made favorable findings that service treatment records (STRs) from February 2002 to July 2018 showed treatment for a left great big toe nail, ingrown, and broken left toe bones; for right elbow pain; for right knee pain, meniscal tear, and osteoarthritis; and for right wrist pain, possible De Quervain’s tenosynovitis. 

In light of the record on appeal, VA examinations for medical opinions are necessary to assist in determining the whether any of the Veteran’s current right elbow, left big toe, right knee, and/or right wrist disabilities are related to her active service. McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006).

In January 2019, the RO attempted to schedule the Veteran for VA examinations regarding her claims for service connection for a right elbow injury, left big toe injury, right knee arthritis, and right wrist injury. Soon thereafter, the RO cancelled these examination scheduling requests, noting that the Veteran was “unavailable”, and later noting that she had failed to report for the scheduled examinations. 

In March 2019, however, the Veteran submitted a notice of disagreement in which she noted that she had not yet been provided examinations for her toe, elbow, knee, and wrist. She explained that although she had been scheduled for a VA examination, she had requested that it be rescheduled, which was never completed. Instead, the RO proceeded to adjudicate her claims. 

Given that VA’s duty to assist includes providing a medical examination when it is necessary to make a decision on a claim, and that the Veteran requested, but has not yet been rescheduled for VA examinations regarding these issues, a remand based on this pre-decisional duty to assist error is warranted. 

2. Entitlement to service connection for left ear hearing loss is remanded.

The Veteran contends she has hearing loss related to service. As noted above the Veteran had four separate periods of active duty. Review of the record shows that in the STRs, on an April 1998 Report of Medical History, prepared at the time of the Veteran’s commissioning in the U.S. Army Reserve, she responded “yes” to having or having head hearing loss, and the examiner noted that tests showed hearing loss in the past, and that she had a ruptured ear drum in 1990. In March 2002, the Veteran reported a 10-12 year history of hearing loss in the left ear, since firing a weapon without hearing protection. It was noted that she had tinnitus in the left ear, was fitted with ear plugs, and was to undergo annual hearing tests. In May 2003, it was noted that the Veteran had loss of high frequency hearing in the left ear due to a gunshot. STRs include multiple audiograms for the Veteran, including from 2002 through 2018. 

In January 2019, the Veteran underwent a VA audiological evaluation for hearing loss, and the results revealed a current left ear hearing loss disability, pursuant to 38 C.F.R. § 3.385. The Veteran reported she had no noise exposure prior to or after service, but that in service in Iraq she was given earplugs to qualify, but they kept falling out. In a February 2019 addendum opinion, the VA examiner stated it was unknown whether the Veteran entered into service with a high frequency hearing loss (HFHL) in the left ear or with normal hearing, as a hearing test at enlistment could not be located. The VA examiner opined that based on the information presented, from 1998 to 2003 the Veteran’s hearing did not show a significant change in hearing sensitivity or an OSHA-defined STS (standard threshold shift) during service, therefore, it was not at least as likely as not that her current left ear hearing loss was related to service. 

When VA undertakes to obtain an examination, it must ensure that the examination and opinion therein is adequate. Barr v. Nicholson, 21 Vet. App. 303 (2007). On review of the VA addendum opinion provided in February 2019, the Board finds it to be inadequate for adjudication purposes. In that regard, the VA examiner stated it was unknown whether the Veteran entered into service with HFHL in the left ear as a hearing test at enlistment could not be located. The Board notes, however, that the Veteran has had four periods of active duty and the VA examiner did not consider whether the Veteran entered any of those periods of service with left ear hearing loss, and if so, whether her hearing loss was aggravated therein. Further, while the examiner opined that from 1998 to 2003, the Veteran’s hearing did not show a significant change in hearing sensitivity, the examiner did not consider whether the Veteran’s hearing loss showed any changes during the subsequent periods of active duty - from June 2010 to July 2011, and October 2017 to July 2018. An opinion, with adequate rationale, on whether the Veteran’s left ear hearing loss is related to or was aggravated during a period of active duty service is necessary; therefore, a remand is in order as this is a pre-decisional duty-to-assist error.

The matters are REMANDED for the following actions:

1. Schedule the Veteran for an appropriate VA examination to determine whether he has a right elbow disability related to service. The examiner should review the claims folder and offer an opinion as to whether it is at least as likely as not (i.e., a 50 percent or greater degree of probability) that any current right elbow disability had an onset in or is otherwise related to service. The examiner must explain the rationale for all opinions given. If the examiner is unable to provide any of the requested opinions without resorting to speculation, the examiner should so state and provide an explanation as to the reason(s) therefor.

2. Schedule the Veteran for an appropriate VA examination to determine whether he has a left big toe disability related to service. The examiner should review the claims folder and offer an opinion as to whether it is at least as likely as not (i.e., a 50 percent or greater degree of probability) that any current left big toe disability had an onset in or is otherwise related to service. The examiner must explain the rationale for all opinions given. If the examiner is unable to provide any of the requested opinions without resorting to speculation, the examiner should so state and provide an explanation as to the reason(s) therefor.

3. Schedule the Veteran for an appropriate VA examination to determine whether he has a right knee disability related to service. The examiner should review the claims folder and offer an opinion as to whether it is at least as likely as not (i.e., a 50 percent or greater degree of probability) that any current right knee disability had an onset in or is otherwise related to service. The examiner must explain the rationale for all opinions given. If the examiner is unable to provide any of the requested opinions without resorting to speculation, the examiner should so state and provide an explanation as to the reason(s) therefor.

4. Schedule the Veteran for an appropriate VA examination to determine whether he has a right wrist disability related to service. The examiner should review the claims folder, and offer an opinion as to whether it is at least as likely as not (i.e., a 50 percent or greater degree of probability) that any current right wrist disability had an onset in or is otherwise related to service. The examiner must explain the rationale for all opinions given. If the examiner is unable to provide any of the requested opinions without resorting to speculation, the examiner should so state and provide an explanation as to the reason(s) therefor.

5. Document all attempts to notify the Veteran about the scheduled VA examination appointments, and advise the Veteran to appear and participate in any scheduled VA examination, as failure to do so may result in denial of the claim. 38 C.F.R. § 3.655.

6. Forward the claims folder to the VA examiner who provided the January 2019 examination report for a supplemental opinion. The examiner should review the claims folder and be requested to provide an opinion as to whether it is it at least as likely as not (50 percent or better probability) that the Veteran’s left ear hearing loss is related to or was aggravated during one of her periods of active duty service. If the examiner is unable to provide the requested opinion without resorting to speculation, the examiner should so state and should provide an explanation as to the reason(s) therefor. If the January 2019 VA examiner is no longer available, the claims file should be forwarded to another appropriate VA examiner for a medical opinion.

 

 

A. ISHIZAWAR

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Casula, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.